# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> NATTU JULIAN VALLADAREZ, <br><br> Defendant. | 1:07-cr-00145-WSD-5 |

## OPINION AND ORDER

This matter is before the Court on Defendant Nattu Julian Valladarez's ("Defendant") *pro se* Second Motion for Sentence Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines (U.S.S.G.) [493] ("Second Motion" or "Second Motion for Sentence Reduction").

## I. BACKGROUND

On September 12, 2008, Defendant was convicted by a jury of one count of Conspiracy to Possess with Intent to Distribute at Least Five Kilograms of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1)(A)(ii), and 841(b)(1)(A)(viii) (Count One), one count of Possession with Intent to Distribute at Least Five Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 18 U.S.C. § 2 (Count Two), one count of Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. §§ 1956(h),

1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(a)(2)(B)(ii) (Count Three), one count of Possession of a Firearm in Furtherance of Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four), one count of Possession of a Firearm by an Illegal Alien, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2) (Count Five), one count of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Six), and one count of Unlawful Reentry by a Deported Alien, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2) (Count Nine). ([256], [430]).

On April 29, 2009, Defendant was sentenced to a term of incarceration of two hundred forty (240) months on Counts One and Two (collectively, "Drug Charges"), a concurrent term of two hundred forty (240) months on Count Three, a concurrent term of one hundred twenty (120) months on Counts Five, Six, and Nine, all to run consecutively with a term of sixty (60) months on Count Four ("Firearms Charge"), for a total sentence of three hundred (300) months. ([430]). The Court imposed the mandatory minimum sentence of two hundred forty (240) months on the Drug Charges and the mandatory minimum sentence of sixty (60) months on the Firearms Charge. (See Sentencing Transcript [399] at 8).

2

On July 28, 2015,[1] Defendant filed his *pro se* First Motion for Sentence Reduction Pursuant to Amendment 782 to the Sentencing Guidelines [469] ("First Motion"). Defendant argued that he qualified for a sentence reduction pursuant to Amendment 782, which provides a two (2) point reduction in the base offense level for certain drug offenses.

On August 12, 2016, the Court issued its Order denying Defendant's First Motion. ([489]). The Court found that:

> Defendant was sentenced to a statutory mandatory minimum term of incarceration. Amendment 782, and the two (2) base offense reduction it requires, does not allow a Court to impose a sentence below the statutory minimum. See U.S.S.G. § 1B1.10 app. Note 1(a) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if . . . an . . . amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of . . . another statutory provision"). Accordingly, Defendant is not entitled to a sentence reduction pursuant to Amendment 782 and is not entitled to be resentenced.

([489.1]).

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (internal quotation marks omitted) (quoting United States v. Glover 686 F.3d 1203, 1205 (11th Cir. 2012)), cert. denied, 135 S. Ct. 241 (2014). Absent evidence to the contrary, the Court assumes the motion was delivered to prison authorities on the day the prisoner signed it. Washington v. United States, 243 F.3d 1301, 1301 (11th Cir. 2001).

On May 8, 2017, Defendant's Second Motion was filed on the docket. Defendant again requests a reduction of his sentence pursuant to Amendment 782 of the Sentencing Guidelines. Defendant argues that the United States Supreme Court's decision in <u>Dean v. United States</u>, --- U.S. ---, 137 S. Ct. 1170 (Apr. 3, 2017), authorizes the Court to reduce Defendant's sentence, despite the statutory mandatory minimum.

## II. DISCUSSION

The Court has jurisdiction to modify a term of imprisonment, after it has been imposed, only where expressly permitted by 18 U.S.C. § 3582 ("Section 3582"). <u>United States v. Phillips</u>, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Section 3582 authorizes the modification of a sentence "(3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met." <u>Id.</u> at 1195 (internal citation omitted) (citing 18 U.S.C. § 3582(c)). However, "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) [if an] . . . amendment does not have the effect of lowering the defendant's applicable guidelines range because of the operation of . . . another statutory provision." U.S.S.G. § 1B1.10 app. Note 1(a).

Amendment 782 to the Sentencing Guidelines modified U.S.S.G. § 2D1.1(c)'s Drug Quantity Table, which provides the base offense levels for different quantities of various controlled substances. Amendment 788 to the Sentencing Guidelines made retroactive the Amendment 782 sentence reduction.

Amendment 782 lowers Defendant's Guidelines range on the Drugs and Firearms Charges. At sentencing, the Court made the following Guidelines findings:

> Base offense level: 36
> Specific offense characteristic (18 U.S.C. § 1956): +2
> Total offense level: 38
> Criminal history category: II
> Resulting Guidelines range: 262 – 327 months

(Sentencing Transcript at 7-8; [488.1]). Defendant did not object to the Guidelines findings when pronounced. (Sentencing Transcript at 8). Applying the Amendment 782 reduction, Defendant's Guidelines range is reduced as follows:

> Base offense level: 34
> Specific offense characteristic (18 U.S.C. § 1956): +2
> Total offense level: 36
> Criminal history category: II
> Resulting Guidelines range: 210 – 262 months

([488.1]). The Government and United States Probation Office consent to these findings. ([488]).

5

However, Defendant is not entitled to a sentence reduction under Amendment 782 because the Court may not sentence below the statutory minimum. See U.S.S.G. § 1B1.10 app. Note 1(a); see also United States v. Jackson, 613 F.3d 1305, 1308 (11th Cir. 2010). Defendant was sentenced to the mandatory minimum of two hundred forty (240) months on the Drug Charges and a consecutive mandatory minimum sentence of sixty (60) months on the Firearms Charge. (See Presentence Investigation Report at 28); see also 21 U.S.C. §§ 841(b)(1)(A)(ii) and 841(b)(1)(A)(viii); 18 U.S.C. § 924(c)(1)(A). Defendant's sentence of three hundred (300) months was the minimum sentence the Court could impose by statute. The Court cannot resentence Defendant to a sentence lower than the one initially imposed.

The Dean v. United States case is distinguishable from Defendant's case. In Dean, the Supreme Court held that a sentencing court could consider a defendant's mandatory minimum term of imprisonment when determining an appropriate sentence for the predicate offense. Dean, 137 S. Ct. at 1178. Dean was convicted of multiple robbery and firearms counts, in addition to two counts of possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) ("Section 924(c)"). Id. at 1172. The Section 924(c) counts carried a mandatory minimum sentence of thirty (30) years, to run consecutively to whatever sentence

the court imposed on the robbery and firearms counts ("predicate offenses"). Id. Dean's predicate offenses did not require mandatory minimum sentences of incarceration.

In contrast, Defendant's predicate offenses, Counts One and Two, require a mandatory minimum sentence of two hundred forty (240) months. At a minimum, the Court was required to sentence Defendant to two hundred forty (240) months imprisonment in addition to the sixty (60) month consecutive mandatory minimum sentence on his Section 924(c) conviction. The Dean decision does not allow the Court to sentence below a statutory mandatory minimum term of imprisonment. Defendant's Second Motion for Sentence Reduction is denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's *pro se* Second Motion for Sentence Reduction Pursuant to Amendment 782 to the United States Sentencing Guidelines [493] is **DENIED**.

**SO ORDERED** this 11th day of May, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE